IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-00448-RM-SKC

SHELTER MUTUAL INSURANCE COMPANY,

    Plaintiff,

v.

DOUGLAS BORGENS,
JOHN BUXMANN,
MARY BUXMAN, and
ESTATE OF THOMAS BUXMANN,

    Defendants.

---

# ORDER

---

This insurance coverage dispute is before the Court on Plaintiff's Motion for Summary Judgment (ECF No. 36), which has been fully briefed (ECF Nos. 40, 51). The Court grants the Motion for the reasons below.

## I.    LEGAL STANDARDS

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in its favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248.

## II.   BACKGROUND

The material facts are undisputed. Plaintiff issued Defendants John and Mary Buxmann automobile insurance policies on a Dodge truck (the "Dodge Policy") and two other vehicles. (ECF No. 37 at ¶¶ 1, 2.) The Buxmann's son Thomas was a permissive driver of the truck on January 20, 2019, when he was involved in two separate accidents. (*Id.* at ¶¶ 3-4.) Defendant Borgens was Thomas' passenger in the first accident and claims to have suffered bodily injuries and related damages due to Thomas' negligence. (*Id.* at ¶¶ 4, 6.) Thomas suffered fatal injuries in the second accident.[1] (*Id.* at ¶ 5.)

The bodily injury liability coverage included in the Dodge Policy has stated limits of $250,000 per person. (*Id.* at ¶ 13.) The Dodge Policy also has a step-down provision, limiting the maximum coverage provided for permissive users to "the minimum amount required by the

---

[1] The passenger in the second accident, originally named as a Defendant in this case, has settled his claim with Plaintiff. (*See* ECF No. 41.) On May 8, 2020, the Clerk entered default as to Defendants John Buxmann, Mary Buxmann, and the Estate of Thomas Buxmann, who never appeared, pled, or otherwise defended this action. (ECF No. 26.)

2

financial responsibility law applicable to the occurrence, regardless of the amount stated in the Declarations. With respect to [permissive users], we provide only those coverages required by the applicable financial responsibility law." (*Id.* at ¶ 14.) The minimum amount of bodily injury liability coverage required by law in Colorado is $25,000. Colo. Rev. Stat. § 10-4-620.

Plaintiff filed this declaratory judgment action in March 2020 and seeks a declaration that the bodily injury coverage provided by the Dodge Policy for any damages caused by the negligence of Thomas Buxmann in the January 20 accidents is subject to the step-down limit of $25,000 per person. (ECF No. 1 at 7.) Plaintiff also seeks a declaration that no bodily injury coverage is available under the Buxmanns' other two policies and that no UM/UIM coverage applies. It also seeks its costs incurred in prosecuting this action. In his Response to Plaintiff's Motion for Summary Judgment, Defendant Borgens contends that the step-down provision in the Dodge Policy "should be void as against public policy in Colorado." (ECF No. 40 at 2.)

## III. DISCUSSION

This case presents an issue of first impression under Colorado insurance law. In diversity actions such as this one, the Court determines issues of state law as it believes the highest state court would decide them. *See Clark v. State Farm Mut. Auto. Ins. Co.*, 319 F.3d 1234, 1240 (10th Cir. 2003). Decisions of the Colorado Court of Appeals, while not binding on this Court, are indicative of how the state supreme court would decide an issue. *See id.* at 1240-41.

To assess Defendant Borgens' argument, the Court must interpret Colorado's mandatory-insurance laws in a manner that effectuates the intent of the General Assembly. *See Shelter Mut. Ins. Co. v. Mid-Century Ins. Co.*, 246 P.3d 651, 660-61 (Colo. 2011) (en banc). The Court starts with the plain language of the statutes and considers the statutory scheme as a

whole to give a consistent, harmonious, and sensible effect to all its parts. *Id.* at 661. But the Court will not judicially legislate by reading a statute to accomplish something the plain language does suggest, warrant, or mandate. *Id.*

Under Colorado law, every owner of a motor vehicle who operates, or permits another to operate, the vehicle on the public highways must have "in full force and effect" a complying insurance policy. Colo. Rev. Stat. § 10-4-619(1). As mentioned above, the amount of bodily injury coverage required for a complying policy is $25,000. Colo. Rev. Stat. § 10-4-620. "[C]lauses in an insurance contract which attempt to dilute, condition, or limit statutorily mandated coverage are invalid or void." *Wiglesworth v. Farmers Ins. Exch.*, 917 P.2d 288, 291 (Colo. 1996) (en banc). At the same time, "Colorado has a strong commitment to the freedom of contract," and "[i]n the absence of statutory inhibition, an insurer may impose any terms and conditions consistent with public policy which it may see fit." *Bailey v. Lincoln Gen. Ins. Co.*, 255 P.3d 1039, 1047 (Colo. 2011) (en banc) (quotation omitted).

Although the Dodge Policy at issue here includes bodily injury liability coverage of up to $250,000 per person for certain insureds, the step-down provision limits the amount of coverage provided to permissive users. (ECF No. 37 at ¶¶ 13-15.) Defendant Borgens contends that this amounts to Plaintiff "improperly restricting, diluting and/or conditioning its coverage for permissive users of a vehicle." (ECF No. 40 at 6.) But he cites no authority for the proposition that insurers and insureds may not negotiate a policy that provides—in addition to the statutorily required coverages—higher limits for some categories of insureds (such as named insureds and those defined as relatives) but not for others (such as permissive users). Even if Defendant Borgens is correct that no statute expressly authorizes such an arrangement, in the absence of

4

statutory inhibition, Colorado courts allow insurers to impose whatever terms they want to. *See Bailey*, 255 P.3d at 1047.

Defendant Borgens' reliance on *Truck Insurance Exchange v. Home Insurance Co.*, 841 P.2d 354, 357 (Colo. App. 1992), is misplaced. The provision found to be invalid there purported to exclude insureds to whom the insurer was obligated to provide coverage under the Colorado Automobile Accident Reparations Act. *Id.* It is not analogous to the step-down provision in the Dodge Policy, which provides the coverage required under § 10-4-620 and is not an exclusion.

Defendant Borgens' reliance on *Finizio v. American Hardware Mutual Insurance Co.*, 967 P.2d 188, 190 (Colo. App. 1998), is similarly misplaced. The policy at issue in that case also contained an exclusion that improperly narrowed the class of insureds to whom the insurer was required by the No-Fault Act to provide coverage. *Id.* Accordingly, the court concluded that "permitting an insurer completely to exclude from liability coverage a certain category of permissive users because some other form of coverage exists under a separate policy is inconsistent with the requirements of the No-Fault Act." *Id.* The step-down provision at issue here is distinguishable in that it does not completely exclude permissive users from liability coverage.

Defendant Borgens is correct that the Colorado's mandatory insurance laws promote the public policy of providing coverage for persons injured by permissive drivers. Moreover, the Court does not disagree that Colorado courts liberally construe such laws to further their remedial and beneficial purposes. *See Clark*, 319 F.3d at 1237. But "[t]here are multiple, competing public-policy principles animating Colorado's insurance laws: not only is it the public

5

policy of this state to protect tort victims, but it is also the public policy of this state to provide insurers and insureds the freedom of contract, allowing insurers to shift risk based on their insured's misconduct." *Bailey*, 255 P.3d at 1046-47. The Court concludes that in cases such as this one, where the provision at issue is not inconsistent with the statutory framework for balancing those public policies, Colorado courts would find that it is enforceable.

In sum, Defendant Borgens has not shown that the step-down provision is inconsistent with Colorado's mandatory-insurance laws or its public policy. Defendant Borgens did not raise any further arguments as to why coverage exists under the Dodge Policy or the Buxmanns' other policies, and the Court finds that Plaintiff's Motion adequately sets forth reasons why such coverage is not available in this case.

## IV. CONCLUSION

Accordingly, the Court GRANTS Plaintiff's Motion (ECF No. 36) and DECLARES that:

(1) the bodily injury liability coverage provided in the Dodge Policy for any damages caused by the negligence of Thomas Buxmann in the January 20, 2019 accidents is subject to the step-down limit of $25,000 per person;

(2) no other bodily injury liability coverage for damages caused by the negligence of Thomas Buxmann in the January 20, 2019 accidents is available under any other policies issued by Plaintiff to the Buxmanns; and

(3) Defendant Borgens is not entitled to UM/UIM coverage under the Dodge Policy, or any other policy issued by Plaintiff, for the January 20, 2019 accidents.

The Court further ORDERS that Plaintiff is awarded its costs incurred in prosecuting this action, and shall within fourteen days of the date of this Order file a bill of costs, in accordance with the

procedures under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1, which shall be taxed by the Clerk of the Court. The Clerk is directed to ENTER JUDGMENT and CLOSE this case.

DATED this 2nd day of June, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge